UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61402-CIV-SINGHAL

SANTIAGO ABREU,

     Plaintiff,

v.

STIRLING HOTEL DANIA BEACH LTD.,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement. (DE [9]). The motion is fully briefed and ripe for review. For the reasons discussed below, the motion is granted.

I.    INTRODUCTION

Plaintiff, Santiago Abreu ("Abreu") is a paraplegic individual with numerous disabilities including multiple sclerosis. He acts as a "tester" by inspecting facilities for accessibility to advance the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA"). Plaintiff filed a Complaint for Declaratory and Injunctive Relief (DE [1]) against Defendant, Stirling Hotel Dania Beach Ltd. to "remedy discrimination … based on Plaintiff's disability in violation of Title III of" the ADA and its implementing regulations.

Plaintiff alleges he made an initial visit to Defendant's hotel, a SpringHill Suites by Marriott, and "encountered barriers to access at the facility that denied him full and equal access and enjoyment of the services, goods, and amenities." *Id.* ¶ 9.  He also states that he "is a customer of Defendant and would return to the Facility if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical

disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility." *Id.* ¶ 10. Plaintiff alleges that as a tester, he "returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation." *Id.* ¶ 12.

In Count I, Plaintiff seeks a declaratory judgment about Defendant's duties under the ADA, Defendant's violations of the ADA, Defendant's duty to remediate, and Plaintiff's right to be free from discrimination. Plaintiff also seeks an order declaring that he was discriminated against on the basis of his disability.

Count II seeks injunctive relief under the ADA in the form of an order compelling Defendant to remediate the premises to fix 24 items at the facility that Plaintiff contends are not in compliance with governing ADA regulations. The areas in question are the passenger drop-off, a men's restroom, and a men's restroom at the pool.

Defendant moves to dismiss both counts of the Complaint. Defendant argues that the declaratory judgment claim is unnecessary because the ADA claim for injunctive relief will more effectively resolve the issues presented and because, as set forth on the face of the Complaint, the real dispute is a factual one and inappropriate for a declaratory judgment action. As for the ADA claim, Defendant argues that Plaintiff has failed to allege facts that would establish the required Article III standing; more specifically, Defendant argues that Plaintiff has not alleged a real and immediate threat of future discrimination. Finally, Defendant argues that Count II is a shotgun claim that contains conclusory or vague facts that fail to adequately identify the alleged ADA violations.

II.   LEGAL STANDARDS

A party may challenge standing by moving to dismiss under Fed. R. Civ. P. 12(b)(1). Standing to bring and maintain a lawsuit is a fundamental component of a federal court's subject matter jurisdiction.  *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013).  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy.  The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims."  *Gesten v. Burger King Corp.*, 2017 WL 4326101, at *1 (S.D. Fla. Sept. 27, 2017) (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015)).  "Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice."  *McGee v. Solicitor General of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013).

To establish standing, a plaintiff must show "(1) an injury in fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision."  *L.M.P. on behalf of E.P. v. Sch. Bd. of Broward Cty., Fla.*, 879 F.3d 1274, 1281 (11th Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).  "At the pleading stage, the plaintiff must clearly allege facts demonstrating each of these elements."  *Gesten v. Burger King Corp.*, 2017 WL 4326101, at *1 (S.D. Fla. Sept. 27, 2017) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016)).

Attacks on subject matter jurisdiction under Rule 12(b)(1) can be facial or factual. *Kennedy v. Floridian Hotel, Inc.,* 998 F.3d 1221, 1230 (11th Cir. 2021).  In a facial attack,

3

the allegations of the complaint are taken as true for purposes of the motion and the test is whether the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* In a factual attack, extrinsic evidence may be considered. *Id.*

    III.    <u>DISCUSSION</u>

        A. <u>Declaratory Judgment</u>

In Count I, Plaintiff requests a declaration of Defendant's duties and Plaintiff's rights under the ADA, that Defendant breached its duties, and that Plaintiff was injured. The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Courts are afforded "ample discretion" on whether to entertain a declaratory judgment action. *Taylor v. Greene,* 2010 WL 5248502, at *3 (S.D. Fla. Dec. 16, 2010) (citing *Kerotest Manufacturing, Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183–84 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims)). "Moreover, a declaratory judgment serves to clarify the legal relations and is not for the purpose of making factual determinations." *Id.*

The relief sought by Plaintiff via a declaratory judgment is entirely duplicative of his ADA claim and requires making factual determinations. For this reason, the Court declines to exercise jurisdiction over Plaintiff's declaratory judgment claim. *Id.*; *see also Barberi v. El Brinco Café, LLC,* 2019 WL 13260552, at *4 (S.D. Fla. Jan. 29, 2019) (declining to enter declaratory judgment on claim duplicative of ADA claim). Count I of Plaintiff's Complaint will be dismissed.

B.  Article III Standing

Defendant raises a facial attack to subject matter jurisdiction. It argues that Plaintiff

has not alleged facts that establish a real and immediate threat of future discrimination,

which is a required element for standing to seek injunctive relief. *Houston v. Marod*

*Supermarkets, Inc.,* 733 F.3d 1323, 1334 (11th Cir. 2013). Plaintiff, citing *Houston,* argues

that because he is a tester his only burden at this stage is to allege that he would return

to the property if the architectural barriers were removed. Plaintiff's argument is

insufficient.

Houston was also a tester. But the Eleventh Circuit held that even testers must

show a real and immediate threat of future injury to have standing to seek injunctive relief.

*Id.* The court reviewed the factual allegations of the complaint and held that "[u]nder the

totality of the facts here, the threat of future injury to Houston is not merely 'conjectural'

or 'hypothetical.' Instead, it is 'real and immediate.'" *Id.* at 1337. The complaint alleged

the following facts:

> Plaintiff Houston has visited this particular supermarket twice
> and encountered the alleged architectural barriers during each
> visit. He submitted a receipt from the second visit. We therefore
> note that Houston did, in fact, return to the President
> Supermarket before filing this lawsuit, even after he had faced
> the alleged barriers during his first visit.
>
> Turning to the 30.5 mile distance between Plaintiff Houston's
> residence and the Presidente Supermarket, we understand that
> this particular store is not the closest supermarket to Houston's
> home. But Houston explained his reason to go to this store: he
> travels to Miami–Dade County, where the Presidente
> Supermarket is located, "on a regular basis," and Houston
> expects to be there in the future. Houston takes these trips to
> Miami–Dade County because his lawyer's offices are located
> there—less than two miles from the Presidente Supermarket.
> And because of his many ADA lawsuits, Plaintiff Houston
> "definitely" anticipates going to his lawyer's offices "in the near
> future." Houston passes the Presidente Supermarket on his
> way to and from his lawyer's office. According to his affidavit,

> Houston therefore "would return to the Defendant's store to shop if [he] were able to park in the parking spaces, have accessible restrooms, and be able to avail [him]self of the store's other facilities."

*Id.* at 1336. Houston made more than conclusory, conjectural, and hypothetical allegations of his intent to return to the property and, therefore, alleged a threat of future injury.

The Eleventh Circuit recently identified four factors to consider whether an ADA plaintiff faces a real and immediate threat of future injury: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of plaintiff's travel near the defendant's business." *Kennedy v. Floridian Hotel, Inc.,* 998 F3d 1221, 1233 (11th Cir. 2021). These factors are not dispositive and are only guidelines. *Id.* The inquiry is necessarily "fact intensive." *Id.* The court considered the totality of the facts and the Rule 12(b)(1) standard and held that Kennedy "failed to demonstrate a real and immediate threat of future injury that goes beyond the type of vague, 'some day' intention the Supreme Court found insufficient in *Lujan.*" *Id.* at 1234. The court noted that the cumulative evidence was materially different from that in *Houston*:

> Kennedy visited the Hotel once, for a few hours. She attempted—but failed—to make an online reservation for April 6–7, 2019, that was not connected to the blues festival. She is an ADA tester who has a system in place for noting property revisits, but no system for ensuring when revisits will occur. She does not travel to Homestead frequently, and other than her one brief visit to Floridian's Hotel, she has not stayed in a Homestead hotel for at least several years (if ever).

Id. The court cited two out-of-circuit cases that illustrated intent to return. *See D'Lil v. Best W. Encina Lodge & Suites,* 538 F.3d 1031, 1037-38 (9th Cir. 2002) ("concluding ADA

plaintiff demonstrated intent to return to hotel where she had visited the area regularly for business, visited friends in the area, and vacationed there with her children"); *Scherr v. Marriott Int'l, Inc.,* 703 F.3d 1069, 1074-75 (7th Cir. 2013) ("concluding ADA plaintiff had alleged intent to return to hotel where much of her extended family lived in the area close to the hotel and plaintiff planned to attend a then-upcoming wedding in the area"). But Kennedy demonstrated no likelihood of returning and, therefore, lacked standing.

In the present case, Plaintiff has alleged no facts from which the Court can identify a real and immediate threat of future injury. He alleges he lives in the next county and would visit the hotel again if the barriers were removed. But it is not enough to say he would return if the barriers were removed. *Kennedy v. Cape Siesta Motel, LLC,* 2018 WL 4822479, at *4 (M.D. Fla. Oct. 4, 2018) (plaintiff must show that she would visit the building in the future to take advantage of the "futile gesture exception"). Nor is it enough to say that he will return to verify that the ADA violations have been remedied. *Access for the Disabled, Inc. v. Rosof,* 2005 WL 35556046, at *2 (M.D. Fla. Dec. 28, 2005) (indefinite plans to return to verify repairs "does little to support his allegation that he is truly threatened by an immediate future injury.") Vague allegations of an intent to return are not sufficient. *Cohan v. Texas Roadhouse Holdings LLC,* 635 F. Supp. 3d 1341, 1350 (S.D. Fla. 2022) (dismissing complaint for lack of standing where plaintiff failed to "clearly allege" threat of future injury).[1]

Neither the Complaint nor the response to the Motion to Dismiss contains an explanation of why he would visit this hotel, how often he is in the vicinity of the hotel and

---

[1] In *Cohan,* Judge Moore quoted a sister court's decision to dismiss on a 12(b)(1) factual attack on standing: "To hold otherwise would be to rubber-stamp standing for injunctive relief in every case against a non-compliant property where the plaintiff self-servingly swears to a vague intention to return to the property, thereby eviscerating the Constitutional limits placed on the Court's power to decide cases and controversies." 635 F. Supp. 3d at 1350 (quoting *Kennedy v. Floridian Hotel, Inc.,* 2020 WL 9762992, at *15 (S.D. Fla. Jan. 28, 2020).

for what purposes, which facilities he would intend to use, or why or when (beyond this lawsuit) he would return. Plaintiff has failed to establish Article III standing and the ADA claim will be dismissed.

Although Plaintiff requests leave to amend, he does not proffer any facts he would include in an amended complaint that would demonstrate a real and immediate threat of future injury.[2] The Complaint will be dismissed without leave to amend. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss (DE [9]) is **GRANTED**.  This cause is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of November 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

---

[2] Plaintiff's argument that he "enjoys spending time in Dania Beach (as evidenced by his other multiple lawsuits in the area)" (DE [12], p. 9) is not evidence of intent to return and utilize Defendant's Facility.

8